**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**CRIMINAL ACTION NO. 11-97-C**

**UNITED STATES OF AMERICA,**                                                         **PLAINTIFF,**

**V.**                 **MEMORANDUM OPINION AND ORDER**

**DAVID BROECKER,**                                                                    **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on David Broecker's motion for judgment of acquittal (R. 77), his motion for a new trial (R. 78), and his motion to arrest judgment (R. 79). Because these motions fail to satisfy the standard of review and the grounds upon which they are based are not supported by the evidence or the law, the court will deny them.

After a trial in July 2012, the jury found Broecker guilty on two charges of wire fraud pursuant to 18 U.S.C. § 1343. Before the trial, Broecker filed multiple motions attacking the proceedings, including a motion to dismiss for lack of jurisdiction (R. 17), a renewed motion to dismiss for lack of jurisdiction (R. 39), a motion to dismiss the superseding indictment (R. 46), and a motion to dismiss the superseding indictment on statue-of-limitations grounds (R. 66). He incorporates those motions, and his replies associated with those motions, into the three current motions; however, the court has already considered and denied those pre-trial

1

motions, *see* R. 23, 57, 68, and will not reconsider them here. Broecker has also integrated into his current motions two *pro se* memoranda in which he asserts the following grounds for his requested relief: 1) lack of jurisdiction over the offenses alleged in the superseding indictment; 2) denial of trial by an impartial jury drawn from Michigan; 3) double jeopardy; 4) vindictive prosecution; 5) prosecutorial misconduct; 6) unnecessary and prejudicial delay in presenting charges to the grand jury and bringing defendant to trial; 7) improper admission of evidence; and 8) insufficient proof that his conduct constituted interstate wire communication within the meaning of 18 U.S.C. § 1343.

First, Broecker has asserted no grounds that warrant a judgment of acquittal. Fed. R. Crim. P 29(c) provides that "if the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal." An acquittal under Rule 29 is appropriate only if the evidence, viewed in the light most favorable to the government, fails to provide sufficient grounds for any reasonable trier of fact to find the elements of the crime beyond a reasonable doubt. *See United States v. Jones*, 102 F.3d 804, 807 (6th Cir. 1996); *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Broecker's objections to the sufficiency of the evidence fail to meet this standard. He asserts that the bank records, cell phone records, casino records, and other statements made by witnesses should have been inadmissible at trial as they violate the statute of limitations; however, there is no statute of limitations that pertains to the admissibility of evidence – such statutes govern the time in which

an offense can be charged, not whether evidence older than a certain age is admissible. Likewise, the casino records used at trial were relevant and properly authenticated; Broecker's assertions that those records were improperly produced at trial have no support in the record.

Furthermore, even if Broecker was correct that the evidence that he gambled away money at a casino was also used to support a prosecution in Michigan, such use does not invalidate that evidence, nor does it implicate the Double Jeopardy clause. The Double Jeopardy clause protects a person from being prosecuted a second time for the same offense. *See Ohio v. Johnson*, 467 U.S. 493, 497-498 (1984). In this case, Broecker was prosecuted for committing the federal offense of wire fraud against two victims in Kentucky. A conviction in Michigan on state-law causes of action committed against a Michigan resident is a separate offense, and thus Double Jeopardy does not apply even if some of the same evidence was used to support both prosecutions.

Finally, the United States presented evidence upon which a jury could reasonably find that an interstate wire communication took place when Broecker's victims deposited money in Jefferson County, Kentucky, that was later withdrawn from the same bank account in Michigan. There is no reason for the court to invalidate the prosecution's use of the evidence at trial, and the evidence presented was legally sufficient to allow any reasonable jury to find Broecker guilty of the offenses charged. *See United States v. Talley*, 164 F.3d 989, 996 (6th Cir. 1999).

Accordingly, the court will deny Broecker's motion for a judgment of acquittal.

Second, Broecker has not articulated any grounds that would justify a new trial pursuant to Fed. R. Crim. P. 33. Such motions are most often based on exculpatory evidence discovered after trial. *See, e.g., United States v. Willis*, 257 F.3d 636, 642 (6th Cir. 2001). Broecker's assertion that he has as-of-yet unoffered "new proof" that the United States used evidence of his gambling that had already been used to support a prosecution in Michigan does not constitute such evidence, as it is neither exculpatory nor relevant to the crimes for which he was convicted in this court.

Broecker's claims of vindictive prosecution, prosecutorial misconduct, and prejudicial delay are also most reasonably addressed under Rule 33(b)(2), which provides that a court may order a new trial for "other grounds" upon the defendant's motion "if the interest of justice so requires." These claims, however, are not credible. In order to show vindictive prosecution, Broecker must show, at a minimum, that he exercised a protected right in which the prosecutor has a stake. *See United States v. Suarez*, 263 F.3d 468, 479 (6th Cir. 2001). He has alleged neither in this case, instead asserting only that the prosecutors attempted to convince him to enter a guilty plea by referring to evidence of crimes not charged in the indictment. Also, though Broecker cursorily asserts prosecutorial misconduct, he does not articulate what actions constitute the alleged misconduct, and has therefore waived this argument. *See Barany-Snyder v. Weiner*, 539 F.3d 327, 331

4

(6th Cir. 2008).  Finally, Broecker's claim of prejudicial delay is similarly unarticulated, and the court has already rejected his similar prior speedy trial claim. *See* R. 57 at 2.  Accordingly, the court will deny his motion for a new trial.

Third, Broecker has not asserted any grounds that would justify arresting the judgment.  Fed. R. Crim. P. 34 provides that "the court must arrest judgment if (1) the indictment or information does not charge an offense; or (2) the court does not have jurisdiction over the charged offense."  Broecker asserts only jurisdictional grounds for his motion, and the court has repeatedly refuted such arguments in its previous orders.  Elements of the crimes occurred in the Western District of Kentucky, and "where a crime consists of distinct parts which have different localities the whole may be tried where any part can be proved to have been done." *United States v. Rodriguez-Moreno*, 526 U.S. 275, 281 (1999).  Thus, it was appropriate to try the case in the Western District of Kentucky, and to draw a jury from the Western District of Kentucky for that purpose. The court will therefore deny Broecker's motion to arrest judgment.

Accordingly,

**IT IS ORDERED** that Broecker's motions (R. 77, 78, and 79) are **DENIED**.

Signed on October 4, 2012

Jennifer B. Coffman, Judge
United States District Court